UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donald Gene Nelson (*ens legis*),   Civil No. 06-1054 JRT/FLN
       Judgment Creditor, and

Donald-Gene: Nelson, Agent™®©,
a *Living Soul*, Lawful Man,   **REPORT AND**
       Injured Third Party Intervener   **RECOMMENDATION**

vs.

Computer Credit, Inc. and
E.S. Barksdale, President, as agent/employee,
       Judgment Debtors.

---

Pro Se Plaintiff.
Jessica Intermill and Joseph Price for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 7, 2006, on Defendants' Motion to Dismiss [#5] and Defendants' Motion to Strike and for Injunctive Relief [#19]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendants' Motion to Dismiss [#5] be granted and that Defendants' Motion to Strike and for Injunctive Relief [#19] be denied as moot.

## I.   BACKGROUND

On March 14, 2006, Plaintiff Donald Gene Nelson initiated the present lawsuit by filing a document entitled "Notice of Filing of Foreign Consent Judgment." (See Docket No. 1.) In addition, Plaintiff filed an "Affidavit in Support of Notice of Foreign Judgment" along with several accompanying exhibits which purport to support his claims.

Defendant Computer Credit Incorporated (hereinafter "CCI") is a debt collection agency that

contracts with creditors and attempts to collect past due accounts owed to its creditor-clients. Defendant E.S. Barksdale is the President of Defendant CCI. On December 20, 2005, CCI sent Plaintiff a Final Notice (hereinafter "Final Notice") of its attempt to collect a debt that Plaintiff owed to the Mayo Medical Clinic, one of its clients. (Defs.' Ex. 1.) Plaintiff responded to this letter by returning a copy of the Final Notice to CCI with the notation "Accepted for value and returned for value by Donald-Gene: Nelson ALL RIGHTS RESERVED EIN: 47-7505773 Registered Mail # RA 129489194 US" written across the text of the Notice in black marker. (Defs.' Ex. 1.) At the same time, Plaintiff sent a separate letter to CCI that stated that CCI's

> offer dated December 20, 2005 is Accepted for Value, and Returned for Value as *consideration* for *'settlement and closure'* of . . . the account. Donald-Gene: Nelson accepts the full dollar value of this offer as the current balance due for December 20, 2005. Enclosed please find twenty dollars . . . for December 20, 2005 payment; leaving a January 2006 full-dollar value and balance of $<u>20.00</u>.

(Defs.' Ex. 2.) Plaintiff thereafter sent a series of communications to CCI. Defendants did not respond to these communications. Plaintiff claims that these communications had the effect of unilaterally binding CCI "through a series of alternative resolution communications through a neutral" and it is based on this claim that Plaintiff appears to have filed the current lawsuit. (See Docket No. 1.)

Defendants now move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Defendants' move to dismiss all claims against Defendant E.S. Barksdale pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In addition, Defendants' move to strike several of Plaintiff's filings and request injunctive relief. For the reasons which follow, the Court recommends that Defendants' motion to dismiss be granted.

## II. STANDARD OF REVIEW

Defendants move to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

## III. LEGAL ANALYSIS

The Court has reviewed the pleadings in this case, keeping in mind that *pro se* pleadings

should be liberally construed and are held to a less stringent standard when challenged by a motion to dismiss. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984). However, even viewing the pleadings liberally, the pleadings are fatally flawed in their legal premises.

At the outset, the Court is unclear as to the claims that Plaintiff is attempting to advance against Defendants. Plaintiff's initial filings with the Court consist of the document entitled "Notice of Filing of Foreign Consent Judgment" and an "Affidavit in Support of Notice of Foreign Judgment" (hereinafter "Affidavit") with various exhibits. (Docket Nos. 1 and 2.) In the Notice of Filing of Foreign Consent Judgment, Plaintiff states that he has

> filed a foreign judgment with the required affidavit containing addresses that resulted from an informal action through an alternative dispute resolution proceeding between [Plaintiff] and [Defendants]. This judgment was received through a series of alternative resolution communications through a neutral. In ten (10) days, Judgment Creditor may pursue enforcement of the consent judgment if Judgment Debtors do not show the court any ground upon which enforcement of the judgment should be stayed . . . Said foreign judgment is established under notary seal and filed pursuant to MS 548.26 thru 548.32 and pursuant to Rule 62(f) of the Federal Rules of Civil Procedure.

(Docket No. 1.) The various exhibits that accompany the Affidavit consist of a series of unilateral communications from Plaintiff to Defendants, in which Plaintiff purports to have accepted Defendants' December 20, 2005, offer. However, a review of the documents reveals that the "offer" that Plaintiff repeatedly refers to is, in fact, simply the Final Notice Defendant sent to Plaintiff regarding Plaintiff's debt. The remaining exhibits to the Affidavit consist of two letters from Plaintiff to Defendants notifying Defendants that they are "in default" and an "Affidavit in Support of Request for Notice of Protest." (Docket No. 2.) The "Affidavit in Support of Request for Notice of Protest" details the history of the "alternative dispute resolution proceedings" that Plaintiff claims

to have engaged in with Defendants, including Plaintiff's return of the Final Notice with the "accepted for value" language written on top, and Plaintiff's various unilateral communications to Defendants. (Docket No. 2.)[1]

Upon reviewing the various documents filed by Plaintiff in this matter, it is clear that Plaintiff has failed to state a claim upon which relief may be granted. While *pro se* pleadings are to be liberally construed, a *pro se* pleading must contain specific facts to support its conclusions. Kaylor, 661 F.2d at 1183. Although Plaintiff makes general allegations that Defendants entered into a binding alternative dispute resolution with Plaintiff, Plaintiff's filings with the Court do not contain specific facts to support those conclusions.

Plaintiff's filings also fail to state a claim under the Uniform Enforcement of Judgments Act, Minnesota Statute Sections 548.26 through 548.32. Plaintiff's initial filing with the Court is entitled "Notice of Filing of Foreign Consent Judgment," and this filing purports to claim relief under Minn. Stat. §§ 548.26-548.32. However, Plaintiff's filings fail to state a claim under the Act because Plaintiff has not pled the existence of a foreign judgment within the meaning of Minn. Stat. § 548.26. The Act provides that "[a] certified copy of any foreign judgment may be filed in the office of the court administrator of any district court in this state. . . . [T]he court administrator shall treat the foreign judgment in the same manner as a judgment of any district court or the Supreme Court of this state." Minn. Stat. § 548.27. A "foreign judgment" is defined as "any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in

---

[1] In addition, this affidavit also includes several nonsensical statements. For example, Plaintiff states that "[t]he record shows E.S. Barksdale, President, as agent/employee of Computer Credit, Inc., has knowledge that: a. DONALD GENE NELSON is a fiction created by the United States." (Docket No. 2.)

this state." Minn. Stat. § 548.26. In the present case, Plaintiff's filings appear to claim that the "foreign judgment . . . resulted from an informal action through an alternative dispute resolution proceeding" between Plaintiff and Defendants. (Docket. No. 1.) Plaintiff further claims that "[t]his judgment was received through a series of alternative resolution communications through a neutral." (Docket No. 1.) Plaintiff's own filings demonstrate that he does not have a "foreign judgment" as defined by Minn. Stat. § 548.26, because the alleged "judgment" did not issue from either "a court of the United States or any other court which is entitled to full faith and credit in this state." Minn. Stat. § 548.26. Since the facts pled by Plaintiff cannot be considered a foreign judgment within the meaning of the Act, he has failed to satisfy the requirements of the Act and his filings fail to state a claim upon which relief may be granted. Therefore, the Court recommends that Defendants' motion to dismiss be granted, and that Plaintiff's filings be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that

1. Defendants' Motion to Dismiss [#5] be **GRANTED**; and

2. Defendants' Motion to Strike and for Injunctive Relief [#19] be **DENIED as moot**.


DATED: August 24, 2006              s/ *Franklin L. Noel*
                                    FRANKLIN L. NOEL
                                    United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 14, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which

objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 14, 2006,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.