**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| DONALD GENE NELSON, | Civil No. 06-1054 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| COMPUTER CREDIT, INC. and E.S. BARKSDALE, | |
| Defendants. | |

Donald Gene Nelson, 9240 University Avenue NW, #330, Coon Rapids, MN 55448, plaintiff *pro se*.

Jessica S. Intermill and Joseph M. Price, **FAEGRE & BENSON, LLP**, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, for defendants.

This matter is before the Court on plaintiff's objections to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated August 24, 2006. Plaintiff objects to the Magistrate Judge's recommendation that this Court grant defendants' motion to dismiss this lawsuit. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Magistrate Judge's Report and Recommendation and grants defendants' motion to dismiss.

## BACKGROUND

Defendant Computer Credit Incorporated (hereinafter "CCI") is a debt collection agency. CCI collects past due accounts on behalf of its creditor-clients. Plaintiff owed a debt to Mayo Medical Clinics, a client of CCI. On December 20, 2005, CCI sent plaintiff a Final Notice of its attempt to collect the debt owed by plaintiff. Plaintiff returned the Final Notice to CCI with the notation "[a]ccepted for value and returned for value" written across the text of the Notice. (Defs.' Ex. 1.) At the same time, plaintiff sent a separate letter to CCI stating that CCI's "offer" was "accepted for value and returned for value." (Defs.' Ex. 2.)

Following this initial communication, plaintiff sent a series of communications to CCI. Defendants did not respond to these communications. Plaintiff then filed with this Court a "Notice of Filing of Foreign Consent Judgment," alleging that these communications had the effect of unilaterally binding CCI.

Defendants moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also moved to strike plaintiff's filing and requested injunctive relief enjoining plaintiff from filing further documents in the case. The Magistrate Judge found that plaintiff failed to set forth sufficient facts to establish the existence of a binding agreement between the parties, and that plaintiff failed to state a claim under the Uniform Enforcement of Judgments Act. The Magistrate Judge therefore recommended that this Court grant defendant's motion to dismiss for failure to state a claim, and deny defendant's other motions as moot. Plaintiff objected to the Report and Recommendation. Plaintiff appears to argue that the Magistrate Judge

misapplied the Uniform Enforcement of Judgments Act, and that the Magistrate Judge was biased in this matter.

## ANALYSIS

### I.     STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). *Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

### II.    PLAINTIFF'S OBJECTIONS

Plaintiff claims that defendants are in violation of the Uniform Enforcement of Judgments Act. *See* Minn. Stat. §§ 548.26-32. Plaintiff appears to argue that the series of unilateral communications from plaintiff to CCI resulted in a "foreign judgment" against defendant. Under Minnesota law, a foreign judgment is defined as "any judgment, decree, or order of a court of the United States or of any other court which is

entitled to full faith and credit in this state." Minn. Stat. § 548.26.  The Magistrate Judge determined that even under the liberal standard for *pro se* pleadings, plaintiff's filings presented insufficient facts to support the existence of a foreign judgment.  The Court agrees.  The record contains no documents or filings that could be classified as foreign judgments under the statute.  The Court finds that the "foreign judgment" standard cannot be construed to include plaintiff's unilateral communications with CCI.  As such, plaintiff has failed to state a claim upon which relief may be granted.  The Court further finds that plaintiff's claim of bias is unfounded.

Defendants request that this Court enjoin plaintiff from filing any additional documents in this case.  In the alternative, defendants ask that the Court issue an injunction requiring plaintiff to obtain leave of the Court before filing additional documents in this case.  Defendants have a right to be free from "harassing, abusive, and meritless litigation."  *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988).  Federal courts have a corresponding obligation to "protect litigants from such behavior."  *Id.*  Although the Court agrees that plaintiff's filings are without merit, plaintiff's claims have been effectively eliminated at an early stage of the proceedings through the judicial process.  As such, the Court finds that plaintiff's filings do not yet constitute an abuse of judicial process.  *Cf. In re INA Mfg. Corp. v. Stoebner*, 2002 WL 1740700, at *4 (D. Minn. July 26, 2002) (enjoining further filings after plaintiff filed numerous motions and appeals without paying filing fees or copying costs).  However, the Court notes that the "right of access to the court is not absolute or unconditional," and further meritless or vexatious filings by plaintiff may result in an injunction.  *See Green v. White*, 616 F.2d 1054, 1055-

56 (8th Cir. 1980). The Court therefore denies as moot defendants' motion to strike and to enjoin plaintiff from filing additional documents in this case.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 30] and **ADOPTS** the Magistrate Judge's August 24, 2006 Report and Recommendation [Docket No. 27]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss [Docket No. 5] is **GRANTED**.

2. Defendants' motion to strike and for injunctive relief [Docket No. 19] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   December 29, 2006　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge